UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BELMAR DE LOS SANTOS, | Case No. 16-cv-01916-MEJ (PR) |
|---|---|
| Petitioner, | **ORDER TO SHOW CAUSE; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION TO APPOINT COUNSEL** |
| v. | |
| S. FRAUENHIEM, Warden, | |
| Respondent. | Re: Dkt. Nos. 2, 4, 6 |

Petitioner, a prisoner currently incarcerated at Pleasant Valley State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Clara County Superior Court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

According to the petition, on or about February 10, 2014, Petitioner was convicted of several counts of engaging in sexual intercourse or sodomy with a child 10 years of age or younger. He was sentenced to 150 years to life in state prison. In 2015, the California Court of Appeal affirmed his conviction. In 2016, his petition for review was denied by the California Supreme Court. Petitioner reports that he did not file any state habeas petitions before filing this action. The instant action was filed on April 12, 2016.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief, Petitioner claims that: (1) the trial court erred in admitting his involuntary confession into evidence; (2) his trial counsel rendered ineffective assistance by failing to investigate the option of using a false confession expert and failing to call such an expert at trial; and (3) the trial court erred by not sua sponte instructing on attempted sexual intercourse with a child as a lesser-included offense on one of the charges of sexual intercourse with a child. Liberally construed, Petitioner's claims appear cognizable under § 2254 and merit an answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**C.    Motion to Appoint Counsel**

Petitioner has filed a motion to appoint counsel. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A (a)(2)(B). Petitioner urges that he does not speak English and is illiterate, but he has apparently found an inmate helper to aid him because his petition is thorough and clear, and he fully exhausted his state court remedies before filing the federal action. The likelihood of success on the merits is extremely low, given the deference this court must afford to the state court's decision in which Petitioner's claims were rejected on the merits. See People v. Delossantos, No. H040746, 2015 WL 6865701 (Cal. Ct. App., Nov. 9, 2015). Petitioner's request for appointment

of counsel is DENIED because the interests of justice do not require that counsel be appointed in this case.

**CONCLUSION**

1. In light of Petitioner's lack of funds, his application to proceed in forma pauperis (dkt. nos. 4, 6) is GRANTED.

2. Petitioner's motion for appointment of counsel (dkt. no. 2) is DENIED.

3. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (Docket No. 1), as well as a magistrate judge jurisdiction consent form, upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

4. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

5. Respondent may file, within **sixty (60)** days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

6. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

7.  Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Docket Nos. 2, 4, and 6.

**IT IS SO ORDERED.**

Dated:  July 19, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge